IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TOMMIE LEE MCCLYDE,              §
TDCJ #1510893,                    §
                                  §
            Petitioner,           §
                                  §
v.                                §          CIVIL ACTION NO. H-11-1041
                                  §
RICK THALER, Director,            §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                                  §
            Respondent.           §

### MEMORANDUM AND ORDER

The petitioner, Tommie Lee McClyde (TDCJ #1510893, former TDCJ #1119114, #1004020, #974076, #791164, #678230), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). McClyde seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary proceeding. The respondent has answered with a motion for summary judgment [Doc. # 7]. McClyde has filed a response [Doc. # 9]. After considering all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.    BACKGROUND

McClyde is currently incarcerated in TDCJ as the result of multiple convictions for burglary of a building and evading arrest, among other offenses. McClyde does not challenge any of his underlying convictions here. Instead, he challenges a prison disciplinary

conviction that was entered against him at the Ferguson Unit, which is located in Midway, Texas.

The respondent has provided a copy of the disciplinary hearing records for the case at issue [Doc. # 8], which stemmed from a riot that occurred in the G-block dayroom on January 10, 2010. These records reflect that, on January 15, 2010, McClyde was formally charged in case #20100133949 with violating prison disciplinary rules by fighting with other inmates during the riot, which "created a danger of injuries" and "substantially obstructed the performance of unit operations" by requiring "all available staff" to respond. At a hearing on January 20, 2010, the disciplinary hearing officer found McClyde guilty as charged of participating in a riot (offense code 8.0) based on the charging officer's report and testimony, as well as a statement provided by Lieutenant Laningham, who reported witnessing numerous offenders "fighting' with each other" in the G-block dayroom. As a result of the conviction, McClyde's commissary privileges were curtailed for 45 days, he was restricted to his cell temporarily, his classification status was reduced, and he forfeited 365 days of previously earned credit for good conduct (*i.e.*, "good-time" credit).

McClyde promptly appealed the conviction on January 22, 2010, by filing a step 1 grievance, complaining that there was no evidence to show that he engaged in fighting with another inmate or that he actually participated in the riot as charged. After his step 1 grievance was denied on February 19, 2010, McClyde filed a step 2 grievance on March 1, 2010. As a result of this grievance, prison administrators modified the conviction against McClyde on March 15, 2010 to reflect a less serious disciplinary violation for "creating a

2

disturbance" (offense code 23.0) and reduced McClyde's good-time sanction from 365 days to 30 days.  McClyde did not appeal further.

McClyde now seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his prison disciplinary conviction in case #20100133949.  In a petition that was executed on March 14, 2011,[1] McClyde complains that he is entitled to relief because he was denied due process during his disciplinary hearing.  In particular, McClyde complains that (1) there was insufficient evidence to find him guilty of creating a disturbance; and (2) he did not receive adequate advance written notice that he would be charged with creating a disturbance.  McClyde complained further prison officials violated a liberty interest by placing the Ferguson Unit on an extended lock-down for 73 days following the riot.  The respondent maintains that the petition must be dismissed as untimely filed under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  The respondent maintains in the alternative that the petition fails to state a valid claim for relief.  The parties' contentions are discussed briefly below.

---

[1]     The Clerk's Office received the petition on March 21, 2011, and filed it the same day. McClyde executed that petition on March 14, 2011, indicating that he placed his pleadings in the prison mail system on that date. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

## II.    DISCUSSION

### A.    The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Because McClyde was convicted on January 20, 2010, that date triggered the AEDPA statute of limitations, which expired one-year later on January 20, 2011.  *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations begins to run on the date the disciplinary conviction was entered).  McClyde's pending federal habeas corpus petition, which is dated March 14, 2011, is late by 53 days.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  In the prison disciplinary conviction context, the limitations period is extended or tolled during the pendency of the administrative appeals process.  *See Kimbrell*, 311 F.3d at 364. The record shows that McClyde filed a step 1 grievance to challenge his

4

disciplinary conviction on January 22, 2010, which was denied 28 days later on February 19, 2010.  McClyde filed a step 2 grievance on March 1, 2010, which was denied 14 days later on March 15, 2010.  The time that passed between the denial of McClyde's step 1 grievance and the filing of his step 2 grievance did not toll the limitations period for purposes of § 2244(d)(2) because there was no appeal pending during that time.  *See Kimbrell*, 311 F.3d at 364.  Thus, McClyde's administrative appeal was pending for a total of only 42 days. With tolling for this amount, McClyde's administrative appeal extended the deadline to seek federal habeas review until March 3, 2011.  McClyde's habeas corpus petition, which was executed on March 14, 2011, remains untimely.

McClyde does not dispute that he was charged with participating in a riot on January 10, 2010, which "substantially obstructed the performance of unit operations" by requiring all available staff to respond.  To the extent that McClyde now claims that there was insufficient evidence that he created a disturbance, he was made aware of the facts underlying his claims as early as January 15, 2010, when he was formally charged with participating in a riot that constituted a significant disruption in unit operations.  Although McClyde has filed a response to the summary judgment motion, he offers no valid excuse for his failure to file a timely federal habeas corpus petition within the extended deadline.

The record does not otherwise show that McClyde pursued relief with the requisite diligence to warrant tolling for equitable reasons.  *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (clarifying that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In that respect, the disciplinary conviction was entered against McClyde on January 20, 2010, and that conviction was upheld as modified on March 15, 2010, but he did not execute a federal habeas corpus petition until March 14, 2011.  This shows that McClyde waited almost fifteen months after the date of his disciplinary conviction to seek federal habeas corpus review.  McClyde offers no explanation for this delay and he does not otherwise demonstrate the requisite diligence.  Because the pleadings and the record disclose no other basis for tolling the prescriptive period, the Court concludes that the petition must be dismissed as barred by the statute of limitations.

### B.      Alternatively, the Petition is Without Merit

The respondent notes, in the alternative, that McClyde's petition fails to state a valid claim for relief.  A prisoner's rights in the disciplinary hearing context are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  To the extent that a disciplinary conviction may affect eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence.  *See*

6

*Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.  *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

As McClyde concedes, he is not eligible for early release on mandatory supervision. Thus, to the extent that McClyde lost good-time credit as the result of the challenged disciplinary convictions, he has no protected liberty interest in such loss and no valid due process claim in connection with that sanction.  *See Malchi*, 211 F.3d at 957-58.

Likewise, the other sanctions imposed against McClyde (temporary loss of privileges, cell restriction, reduction in status) do not implicate the Due Process Clause.  According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Because these

sanctions do not implicate a protected liberty interest, McClyde fails to demonstrate a violation of the Due Process Clause.

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed for this alternative reason.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling

8

standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.   *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations on such review has been the law for over fourteen years, since April of 1996.   In addition, the petitioner fails to state a valid claim for relief because he admits that he is not eligible for mandatory supervision.   This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.   Therefore, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment [Doc. # 7] is **GRANTED**.

2.    The federal habeas corpus petition is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  July 28, 2011.

Nancy F. Atlas
United States District Judge